UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA HERTA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CRAIG WIBLEMO, CHRISSY HUNSAKER, SHARNITA MOORE,<br><br>　　　　　　　　　Defendants. | Case No. 22-cv-1679-BAS-BGS<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>**(ECF No. 2)** |

On October 27, 2022, Plaintiff Maria Herta, proceeding pro se, commenced this action. (ECF No. 1.) The same day, Plaintiff also filed an application seeking leave to proceed without prepaying fees or costs, also known as proceeding in forma pauperis ("IFP"). (ECF No. 2.) For the reasons discussed below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's application to proceed IFP.

Under 28 U.S.C. § 1915, an indigent litigant who is unable to pay the fees required to commence a legal action may petition a court to proceed without making such prepayment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g., Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's application, the Court finds that Plaintiff fails to meet the requirements for IFP status under 28 U.S.C. § 1915. Regarding her income, she states only "yes" under "Self-employment" and "n/a" under "Employment" and "Child support." (ECF No. 2 at 1.) All other fields are left blank, and Plaintiff lists her total monthly income as "$0.00." (*Id.* 1–2.) Similarly, the employment history and cash holdings sections are blank, and Plaintiffs lists only a "Mazda 5/2006" under assets without estimating its value. (*Id.* at 2–3.) Under expenses, Plaintiff marks "x" next to the food, clothing, laundry and dry-cleaning, transportation, and recreation fields but again fails to estimate a dollar value for those expenses. (*Id.* at 4–5.) Despite these apparent expenses, Plaintiff lists total monthly expenses as "$0.00." (*Id.*) Finally, Plaintiff checks the "Yes" box in question 9, which asks, "Do you expect any major changes to your monthly income

or expenses or in your assets or liabilities during the next 12 months?" (*Id.* at 5.) The form states, "If yes, describe on an attached sheet," but Plaintiff fails to attach a description. (*Id.*)

It is not apparent how Plaintiff is obtaining the necessities of life, and in turn whether this source of funds—if it exists—can cover the required filing fee in this action. The Court can draw no conclusions from the incomplete and self-contradictory IFP application. Thus, the application does not indicate that requiring Plaintiff to pay the required $400 fee would impair her ability to obtain the necessities of life.

In light of the foregoing, the Court **DENIES** Plaintiff's application to proceed IFP **WITHOUT PREJUDICE**. (ECF No. 2.) To proceed IFP, Plaintiff must refile the IFP application by **November 21, 2022** with more specific information regarding the aforementioned sources of income and monthly expenses. Plaintiff should note that the IFP application specifically instructs applicants not to leave any blanks, and to instead response "0," "none," or "not applicable (N/A)" as necessary.

**IT IS SO ORDERED.**

DATED: November 7, 2022

Hon. Cynthia Bashant
United States District Judge