1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA HERTA,<br><br>                                        Plaintiff,<br><br>    v.<br><br>CRAIG WIBLEMO, CHRISSY HUNSAKER, SHARNITA MOORE,<br><br>                                        Defendants. | Case No. 22-cv-1679-BAS-BGS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **(ECF No. 5)**<br><br>**(2) DISMISSING COMPLAINT WITH PREJUDICE (ECF No. 1)** |

On October 27, 2022, Plaintiff Maria Herta, proceeding pro se, commenced this action. (ECF No. 1.) The same day, Plaintiff also filed an application seeking leave to proceed without prepaying fees or costs, also known as proceeding in forma pauperis ("IFP"). (ECF No. 2.) The Court denied Plaintiff's first IFP application without prejudice because Plaintiff failed to adequately fill out the IFP application form. (ECF No. 4.) For the reasons discussed below, the Court **DENIES** Plaintiff's second application to proceed IFP (ECF No. 5) and **DISMISSES** the Complaint with prejudice.

## I.      IFP Application

Under 28 U.S.C. § 1915, an indigent litigant who is unable to pay the fees required to commence a legal action may petition a court to proceed without making such prepayment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915

typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g., Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's application, the Court finds that Plaintiff fails to meet the requirements for IFP status under 28 U.S.C. § 1915. Despite the Court's previous order denying IFP (ECF No. 4), Plaintiff fails to cure many of the deficiencies in her first IFP application. Regarding her income, she states only "yes" under "Self-employment," rather than stating a dollar amount. (ECF No. 2 at 1.) Her total month income is left blank, though later she writes she is not paid in the course of her self-employment. (*Id.* 1–2, 6.) The cash holdings section is blank, stating only "N/A" under "Type of account." (*Id.* at 2.) The only apparent source of income is money owed to Plaintiff in an

amount of $3000 per month, and Plaintiff leaves blank the "person owing you or your spouse money" field. (*Id.*) Under expenses, Plaintiff marks "X" next to the food, clothing, laundry and dry-cleaning, transportation, and recreation fields but again fails to estimate a dollar value for those expenses. (*Id.* at 4–5.) Plaintiff lists total monthly expenses as "$4000." (*Id.*) Finally, Plaintiff checks the "Yes" box in question 9, which asks, "Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?" (*Id.* at 5.) The form states, "If yes, describe on an attached sheet," but Plaintiff fails to attach a description. (*Id.*)

It is not apparent how Plaintiff is obtaining the necessities of life, and in turn whether this source of funds—if it exists—can cover the required filing fee in this action. The application is devoid of any detail as to how Plaintiff covers the listed expenses. (*Id.* at 1–2.) As a result, the Court can draw no conclusions from the incomplete IFP application. The application does not indicate that requiring Plaintiff to pay the required $400 fee would impair her ability to obtain the necessities of life and therefore is denied.

## II.   IFP Application

For the following reasons, the Court determines Plaintiff's claim does not pass muster under Federal Rule of Civil Procedure ("Rule") 8, and accordingly, dismisses her Complaint.

### A.   Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court must *sua sponte* dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." *Id.* § 1915(e)(2)(B)(i). In addition to the grounds for a *sua sponte* dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting Ninth Circuit cases upholding Rule 8

dismissals where pleadings were "confusing," "largely irrelevant," "distracting, ambiguous, and unintelligible," "highly repetitious," and "consist[ing] of incomprehensible rambling"). Rule 8 requires that each pleading include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

### B.   Analysis

Plaintiff's Complaint borders on incomprehensible. It begins as follows:

Independent study contract specifically said" California Education code (ED) 517744 thru61749.6 inclusive" serves only the U.S corporation agencies in Dept of Edu, public schools their charter employee I find that pretty offencive. Hat about the private person that do homeschool , don't they have bills, don't they have rights to work, why private individual is excluded from benefits . . . Doe Process Violation, First Amendment right violation Amd 14.S 1.3.3.2 liberty of contract, free to education." (Compl. at 2.)

The Complaint goes on to seemingly allege fraud against Defendants, but it is impossible for the Court to decipher the allegations. Additionally, the Court cannot discern any details or particularities with respect to the alleged fraud. Simply put, the Complaint fails to give Defendants "fair notice of what [P]laintiff's claim is and the grounds upon which it rests in order to enable [Defendants] to prepare an answer . . . , and to identify the nature of this case." *See Isidro Mejia v. N.Y. Police Dep't*, 1:16-cv-9706-GHW, 2019 WL 3412151, at *7 (S.D.N.Y. July 28, 2019) (quoting *Middleton v. United States*, 2012 WL 394559, at *2 (E.D.N.Y. Feb. 7, 2012)). For these reasons, Plaintiff's Complaint fails to comply with Rule 8 and, therefore, is dismissed.

In light of the foregoing, the Court **DENIES** Plaintiff's application to proceed IFP. (ECF No. 5.) The Court also **DISMISSES WITH PREJUDICE** Plaintiff's Complaint under Federal Rule of Civil Procedure 8. (ECF No. 1.)

**IT IS SO ORDERED.**

**DATED: January 5, 2023**

Hon. Cynthia Bashant
United States District Judge

- 4 -

22cv1679